UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
SHALEEK KALEEM,

                      Plaintiff,

        -against-

CITY OF NEW YORK; Police Officer JOSHUA A. KONEN, Shield No. 966; Police Officer ANGELO L. PIZZARRO, Shield No. 20275; Sergeant JOHN A. TODARO, Shield No. 5234; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
-------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

SUMMONS ISSUED
CV-12 5525
KUNTZ, J.
REYES MJ

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Shaleek Kaleem ("plaintiff" or "Mr. Kaleem") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Joshua A. Konen, Shield No. 966 ("Konen"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Konen is sued in his individual and official capacities.

10. Defendant Police Officer Angelo L. Pizzarro, Shield No. 20275 ("Pizzarro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pizzarro is sued in his individual and official capacities.

11. Defendant Sergeant John A. Todaro, Shield No. 5234 ("Todaro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Todaro is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately 11:00 p.m. on August 20, 2012, plaintiff was lawfully in the vicinity of 2749 West 33rd Street, Brooklyn, NY.

16. Specifically, plaintiff was sitting in his housing project's courtyard when he received a phone call informing him that Tayshan Cooper was being arrested.

17. When plaintiff approached the area where Cooper was being arrested, an

officer approached and requested plaintiff's identification. There were at least two other officers present.

18. Plaintiff questioned the need for his identification, making one of the defendants became irate.

19. When plaintiff ultimately complied, the officer smacked plaintiff's identification to the ground.

20. Plaintiff again objected. In response, the officers threw him to the ground and struck him about his head and back. Those officer not participating directly in plaintiff's arrest watched idly.

21. Plaintiff was placed in a police vehicle and ultimately taken to the precinct.

22. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed in possession of a firearm.

23. At no point did the officers observe plaintiff possessing a firearm.

24. At approximately 11:00 a.m. on August 21, 2012, plaintiff was taken to Brooklyn Central Booking.

25. Some time later that day, plaintiff was arraigned and bail was set. Unable to make bail, plaintiff was taken to Rikers Island.

26. On or about August 26, 2012, plaintiff was released from custody.

27. On or abour\t September 5, 2012, plaintiff testified before the Grand

Jury. After hearing plaintiff's testimony, the Grand Jury dismissed all charges.

28.  Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

29.  At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30.  This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31.  Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

32.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.  Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

34.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM

## False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### State Law False Imprisonment and False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

40. Plaintiff was conscious of his confinement.

41. Plaintiff did not consent to his confinement.

42. Plaintiff's confinement was not otherwise privileged.

43. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM

### Malicious Prosecution

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

48. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM

### State Law Malicious Prosecution

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

51. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

52. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

53. All charges were terminated in plaintiff's favor.

54. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM

### Unreasonable Force

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### State Law Assault and Battery

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

61. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

62. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM

### Denial Of Constitutional Right To Fair Trial

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. The individual defendants created false evidence against Plaintiff.

65. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

66. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CLAIM

### Malicious Abuse Of Process

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. The individual defendants issued legal process to place Plaintiff under arrest.

70. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

71. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

72. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Hiring/Training/Retention

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

75. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

76. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

77. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

78. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### First Amendment Retaliation

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

81. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

82. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## TWELFTH CLAIM
### Intentional Infliction of Emotional Distress

83. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so

extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

85. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

86. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

87. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CLAIM
### Negligent Infliction of Emotional Distress

88. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

89. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

90. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

91. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

92. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CLAIM
### Failure To Intervene

93. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

94. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

95. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

96. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   November 4, 2012
         New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*